U.S. COURT
DIST. OF MASS.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

2001 DEC -6  P 12: 04

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT CLARK, )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO.<br><br>**01-40231-NMG**<br><br>DOCKETED |

# COMPLAINT

Plaintiff, Charter Communications Entertainment I, LLC d/b/a Charter Communications, by this Complaint seeks injunctive relief, damages, and attorneys' fees under provisions of the Federal Communications Act of 1934, as amended by the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 and the Satellite Home Viewer Act of 1988, 47 U.S.C. § 605, for the unauthorized interception or reception, or the assistance in the unauthorized interception or reception, of cable services offered over Plaintiff's cable system. As set forth in this Complaint, the Defendant ordered and obtained devices expressly designed, manufactured and intended for the surreptitious and unauthorized reception of cable services.

RECEIPT # 403629
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. SJones
DATE 12-6-01

## JURISDICTION AND VENUE

1.  This action arises under the Federal Communications Act of 1934, as amended by the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, and the Satellite Home Viewer Act of 1988, 47 U.S.C. § 605.

2.  The Court has jurisdiction over this action under 28 U.S.C. § 1331 in that this action arises under the laws of the United States.

3.  Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in the District and the claims arose here.

## APPLICABLE LAW

4.  The interception or reception, or any assistance in the interception or reception, of community antenna television ("CATV") or cable service, unless specifically authorized by a cable operator or as is otherwise specifically authorized by law, is prohibited under 47 U.S.C. § 553(a).

5.  The unauthorized interception of cable service and the sale and/or installation of any device or equipment by persons knowing or having reason to know that the device or equipment is used primarily for the assistance in the unauthorized decryption of satellite cable programming is prohibited under 47 U.S.C. § 605 (a).

## PARTIES

6.  Plaintiff, Charter Communications Entertainment I, LLC d/b/a Charter Communications ("Charter"), is a Delaware limited liability company with a principal place of business at 95 Higgins Street, Worcester, Massachusetts 01606. Charter, at

all times relevant to this Complaint, held a license, pursuant to M.G.L.c. § 66A, to construct and operate a cable television system in the area which includes the town of Uxbridge, Massachusetts.

7. Charter is a cable operator, within the meaning of 47 U.S.C. § 522(5) and § 553(a), and provides CATV or cable service, within the meaning of 47 U.S.C. § 522(6), to its customers who are authorized to receive the particular service level or service tier and any other video programming which a customer orders from the Plaintiff and agrees to pay the applicable rates therefor.

8. Defendant, Robert Clark, upon information and belief, currently resides at 126 Brookside Drive, Uxbridge, Massachusetts 01569. At all times relative to this Complaint, only a particular level of cable service was requested from and authorized by Charter at Defendant's address.

## COUNT I
### (Violation of 47 U.S.C. § 553)

1-8. Charter incorporates by reference the allegations of the foregoing paragraphs, as though fully set forth herein.

9. Charter offers cable services to residents of all of its service areas for which subscribers pay a monthly fee depending upon the amount of cable television programming and services selected and purchased by the subscriber. Each subscriber who pays monthly fees to Charter is entitled to receive that level of services and programming that is purchased from Charter.

10. Charter's signals are (a) private communications not intended for public or other use without authorization, (b) communications services offered over a cable system, and (c) satellite cable programming.

12. Charter has offered and continues to offer premium programming services, such as Home Box Office, Cinemax and Showtime, and certain pay-per-view channels for movies and events.

13. Charter's signals for premium programming services and for pay-per-view services are electronically coded or scrambled so that they must be decoded by electronic decoding equipment in order for the signals to be viewed clearly on a television receiver or monitor.

14. To decode these signals, Charter provides subscribers of such services with electronic decoding equipment referred to as converters.

15. Charter's converters are programmed to decode the signals and thereby enable the subscriber to view that level of service that he has purchased. Charter prepares each of its converters specifically to permit the subscriber to view only that level of service and programming that he has purchased.

16. Some of Charter's converters are "addressable." Addressable converters may be programmed from a central location of Charter while the converters are connected to a television receiver or monitor in a subscriber's residence or business.

17. "Pay-per-view" is a service made available to Charter's residential subscribers.

18. The pay-per-view service requires the subscriber to have an addressable converter box connected to his television receiver or monitor.

19. To order a pay-per-view movie or event, the subscriber telephones Charter and requests to view the specific pay-per-view movie or event. Charter then programs the addressable converter box to descramble that pay-per-view movie or event, enabling the subscriber to receive a non-scrambled signal during the time of the broadcast.

20. The price of pay-per-view movies or events varies, but presently ranges from $3.99 for certain movies to approximately $49.95 for certain sporting or other special events. Charter subscribers are billed monthly for pay-per-view movies and events ordered during the previous month.

21. Unauthorized decoders or descramblers are devices that have been designed or modified to defeat the scrambling or addressable security functions of Charter's cable system that are designed to ensure that only authorized customers of certain levels or tiers of services, or of premium or pay-per-view programming, receive such services (the "scrambling technology").

22. Pursuant to a court order in <u>Time Warner/Advance-Newhouse Partnership v. Starlight Electronics, Inc. and Southern Electronics, Inc., et al</u>, Docket No. 97-7324 (S.D.Fla. Oct. 31, 1997), the United States Marshal Service for the Southern District of Florida seized or otherwise lawfully obtained the business records of Starlight Electronics, Inc., Doron Simkin, John Does 1-10, Jane Does 1-10, Unidentified Corporations 1-10 and Unidentified Business Entities 1-10, Southern

Electronics, Inc., Amit Zemach, Simone Goebel and Kathy Goebel who were doing business as Starlight Electronics, Inc. and Southern Electronics, Inc. and affiliated companies ("Southern"). Included in the business records seized were records of the sales of decoders and descramblers by Southern, and, thereafter, these records were made available to Charter.

23. The business records seized from Starlight and Southern Electronics indicated that on September 17, 1997, the Defendant ordered, purchased and received one decoder or descrambler known as a " JERR DPV" for use by the Defendant or another for the purpose of unauthorized reception of communications services offered over Charter's cable system. See invoice information attached hereto as Exhibit A.

24. Upon information and belief, the Defendant ordered, purchased, received and possesses, possessed, used or assisted other persons in the use of a descrambler device in order to effect the unauthorized reception and interception of Charter's cable services and this constitutes one violation of 47 U.S.C. § 553(a).

25. The Defendant willfully and intentionally violated 47 U.S.C. § 553(a).

26. Charter is "aggrieved" within the meaning of 47 U.S.C. § 553(c)(1).

27. Charter is aggrieved by the Defendant's conduct because such conduct was intended to compromise and defeat the scrambling technology of Charter's cable systems, in violation of Charter's rights and of federal statutes.

28. The Defendant has refused or otherwise declined, by his actions or words, to cease and desist from the unauthorized reception, or assisting other persons

in the unauthorized reception, of Charter's cable services by the unlawful use of the decoder or descrambler obtained from Southern.

29. The present and continued use of the decoder or descrambler device constitutes one continuing violation of 47 U.S.C. § 553.

30. As a direct, proximate, and foreseeable result of the actions of the Defendant, Charter has sustained and continues to sustain damages and incur attorney's fees and costs.

31. By reason of the Defendant's violation of 47 U.S.C. § 553(a), Charter is entitled to damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii).

32. By reason of the Defendant's violation of 47 U.S.C. § 553(a), Charter is entitled to the recovery of full costs, including reasonable attorney's fees pursuant to 47 U.S.C. § 553(c)(2)(C).

## COUNT II
### (Violation of 47 U.S.C. § 605)

1-32. Charter incorporates by reference the allegations of the foregoing paragraphs, as though fully set forth herein.

33. By virtue of his conduct the Defendant effected the unauthorized interception and reception of Charter's satellite cable programming and communications services over its cable systems by receiving, or assisting in the reception of certain cable services without Charter's authorization and his conduct violates 47 U.S.C. § 605(a).

34. The Defendant willfully and intentionally violated 47 U.S.C. §605(a).

35. Charter is "aggrieved" within the meaning of 47 U.S.C. § 605(e)(3)(A).

36. As a direct, proximate, and foreseeable result of the actions of the Defendant, Charter has sustained, and continued to sustain, damages and incur attorneys fees and costs.

37. By reason of the Defendant's violation of 47 U.S.C. 605(a), Charter is entitled to damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).

38. By reason of the Defendant's violation of 47 U.S.C. 605(a), Charter is entitled to recovery of full costs, including reasonable attorney's fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

### COUNT III
(Federal Communications Act Injunction)

1-38. Charter incorporates by reference the allegations of the foregoing paragraphs, as though fully set forth herein.

39. Upon information and belief, the Defendant ordered, purchased, received and possesses, possessed, used or assisted other persons in the use of one decoder or descrambler in order to effect the unauthorized reception and interception of cable services and programming from Charter without authorization from, or payment to, Charter in violation of 47 U.S.C. § 553(a) and 47 U.S.C. §605(a) as alleged in Count One and Count Two of this Complaint.

40. Pursuant to 47 U.S.C. §§ 553(c)(2)(A) and 605 (e)(3)(B)(i), Charter is entitled to a court order restraining the Defendant from engaging in any further activity, similar to that described above, which activity violates 47 U.S.C. §§ 553(a) and 605(a).

### PRAYER FOR RELIEF

WHEREFORE, Charter requests the Court to enter judgment against the Defendant as follows:

1. For money damages in favor of Charter against the Defendant in the total amount of $20,000 in statutory damages pursuant to 47 U.S.C. §§ 553(c)(3)(A)(ii) and 605 (e)(3)(B)(i), for one violation of 47 U.S.C. §553(a) and one violation of 47 U.S.C. §605 (e)(3)(B)(i).

2. Ordering that the Defendant, his servants, agents, employees, successors and assigns and those persons in active concert or participation with any of them, are permanently enjoined and restrained from engaging in, aiding, abetting or otherwise promoting or supporting interception or reception of the cable television programming, service or signal of Charter, including, without limitation, the following: permanently enjoining and restraining the Defendant from connecting, attaching, splicing into, tampering with or in any way using cable wires of Charter for purposes of obtaining any of the programming services of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from manufacturing, purchasing, selling, distributing, installing, owning or possessing any

equipment, components or parts used to make any such equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from attaching or connecting any such equipment to any property of Charter without Charter's authorization; permanently enjoining and restraining the Defendant from any further altering, modifying or tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, Charter's cable system without Charter's authorization, in accordance with 47 U.S.C. § 553(c)(2)(A) and 47 U.S.C. §605 (e)(3)(B)(i); and

    3.    Awarding Charter its attorney's fees and costs in prosecuting this action, in accordance with 47 U.S.C. § 553(c)(2)(C) and 47 U.S.C. § 605(e)(3)(B)(iii); and

    4.    Granting such other relief as the Court determines is just and proper.

CHARTER COMMUNICATIONS
ENTERTAINMENT I, LLC d/b/a
CHARTER COMMUNICATIONS,

By Its Attorneys,

*/s/ Elizabeth A. Kowal*

Laura K. Norden, BBO#650351
Elizabeth A. Kowal, BBO#646326
Murtha Cullina Roche Carens & DeGiacomo, LLP
99 High Street—20th Floor
Boston, MA 02110
(617) 457-4000


Dated: December 3, 2001



01- 40033

# Starlight Electronics, Inc.

3032 E. Commercial Blvd.
Suite 12
Ft. Lauderdale, FL 33308

| Page | Date | Order No. |
|---|---|---|
| 1 | 09/17/97 | 12790A |

**Sold To:**
ROBERT CLARK
126 BROOKSIDE DR
UXBRIDGE, MA 01569

**Ship To:**

| Customer No. | Sales I.D. | Reference # | Media Code | Terms |
|---|---|---|---|---|
| 5711 | 13/13 | | /INTER | PAID BY CREDIT CARD |

| Credit Card Number | Type | | Phone Number | Total Wt. | Zone | Packages | Ship Via |
|---|---|---|---|---|---|---|---|
| 4150 2020 0791 4817 | VI | OK-0799 | (508) 278-2807 | 0.0 Lbs | | 0 | FE2 |

Message:
4290 7053 2430

| Qty. | B.O | Shipped | Item # | Description | Unit Price | Disc | Extension | Pkg |
|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 1 | DPV | JERR DPV7 | 249.00 | | 249.00 | |

```
                               MERCHANDISE TOTAL  $    249.00
                               SHIPPING & HANDLING $    17.00
                                             TOTAL $   266.00
                    AMOUNT OF CREDIT CARD CHARGE        266.00
```

Aut # 017425
Ref # 269158



**Starlight Electronics, Inc.**
**Technical Support**
954-772-0698            PKG ID #12790A01

                        FE2      ZN:

ROBERT CLARK    Ship to
126 BROOKSIDE DR
UXBRIDGE, MA 01569

**Starlight Electronics, Inc.**
**Sales**
1-800-435-0523          PKG ID #12790A01

ROBERT CLARK    Ship to
126 BROOKSIDE DR
UXBRIDGE, MA 01569

JS 44
(Rev 07/86)

**CIVIL COVER SHEET**  01-40231

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I (a) PLAINTIFFS
Charter Communication Entertainment I, LLC d/b/a Charter Communications

### DEFENDANTS
Robert Clark

DISTRICT OF MASS.

2001 DEC -6 P 12: 04

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Worcester_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Worcester_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

FILED CLERK'S OFFICE

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Elizabeth A. Kowal, Esquire, BBO #646326
Murtha Cullina Roche Carens & DeGiacomo, LLP
99 High Street, 20th Floor
Boston, MA 02110
(617) 457-4000

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

47 U.S.C. Sect. 553, unauthorized reception of cable service and injunctive relief. and Sect. 605

### V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE
12-05-01

SIGNATURE OF ATTORNEY OF RECORD
Elizabeth A. Kowal

**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

01 - 40231

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Charter Communications Entertainment I, LLC v. Robert Clark

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

    YES ☐    NO ☒

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

    YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

    YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

    YES ☒    NO ☐

    A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION ☐    CENTRAL DIVISION ☒    WESTERN DIVISION ☐

    B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Elizabeth A. Kowal, Murtha Cullina Roche Carens & DeGiacomo, LLP
ADDRESS  99 High Street, Boston, MA 02110
TELEPHONE NO.  (617) 457-4057

(Cover sheet local.wpd - 11/27/00)